IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN COFFEY and
ROBIN COFFEY,

        Plaintiffs,

v.

HAMILTON COUNTY HOSPITAL,

        Defendant.

Case No.  15-CV-7512-DDC-KGG

MEMORANDUM AND ORDER

Plaintiffs Bryan and Robin Coffey are husband and wife and former employees of Defendant Hamilton County Hospital.  Plaintiffs bring this lawsuit against their former employer, asserting claims for breach of contract and under the Kansas Wage Payment Act ("KWPA").  This matter comes before the Court on defendant's Motion for Judgment on the Pleadings (Doc. 6), against plaintiff Robin Coffey's claims only.  After considering the arguments made by both parties, the Court grants defendant's Motion for Judgment on the Pleadings (Doc. 6) against Ms. Coffey's claims.

I.      Factual Background

The following facts are taken from plaintiffs' Complaint (Doc. 1) and viewed in the light most favorable to them.  *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (explaining that the court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff" (citation omitted)).

On about May 22, 2014, plaintiff Robin Coffey ("Ms. Coffey"), a licensed physical therapist, entered into an Employment Agreement ("Agreement") with defendant, a county

hospital located in Syracuse, Kansas and established under K.S.A. § 19-4601 *et seq.*  Under the Agreement, defendant agreed to employ Ms. Coffey as a physical therapist with an annual base salary of $105,000, plus other benefits.  The Agreement provided for a three-year term of employment, but stated that either party could terminate the Agreement by giving 90 days' notice.  The Agreement also required defendant to pay Ms. Coffey 90 days' severance pay, if it terminated the Agreement without cause.

In February 2015, Ms. Coffey gave defendant 90 days' written notice of her resignation, as the Agreement required.  When defendant received Ms. Coffey's resignation, it terminated her employment instead of allowing her to complete the 90-day notice period.  Defendant also has refused to pay Ms. Coffey the severance pay she claims the Agreement entitled her to receive. Finally, plaintiff also claims she is entitled to payment for her accrued PTO.

On April 24, 2015, Ms. Coffey and her husband filed the Complaint (Doc. 1) in this lawsuit.  Ms. Coffey asserts two claims against defendant:  (1) breach of contract (Count II); and (2) violation of the KWPA (Count IV).  Defendant now moves for judgment on the pleadings against Ms. Coffey's two claims only—not the claims asserted by her husband.

## II.     Legal Standard

A party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c) after the pleadings are closed but early enough not to delay trial.  Fed. R. Civ. P. 12(c).  Courts evaluate a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion to dismiss. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (citing *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

The Court will grant a motion for judgment on the pleadings only when the factual allegations in the Complaint fail to "state a claim to relief that is plausible on its face," *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)).  A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).  Here, the Court considers the Agreement between Ms. Coffey and defendant because it is a document incorporated into the Complaint by reference, it is central to Ms. Coffey's claim, and the parties do not dispute its authenticity.  *See* Doc. 1 at 2–3 (Complaint ¶ 9) (referencing the Agreement); *see also* Doc. 7-1 (Agreement).

### III.   Analysis

Defendant seeks judgment on the pleadings under Fed R. Civ. P. 12(c), against Ms. Coffey's breach of contract and KWPA claims.  Defendant contends that both of Ms. Coffey's

claims fail because they are premised on her Agreement which is *ultra vires* and unenforceable under Kansas law.  Thus, defendant argues, the Court must dismiss the two claims Ms. Coffey asserts in the Complaint.

### A.  Is the Agreement an enforceable contract?

To decide defendant's motion for judgment on the pleadings, the Court must determine whether the Agreement between Ms. Coffey and defendant is an enforceable contract.  The Court applies the law of the forum state in this diversity action to answer this question.  *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citation omitted).

"In Kansas, governmental agencies and corporations, including municipal corporations, are creatures of the legislature and have only such powers as are conferred by law or as may be necessarily implied to give effect to those powers specifically granted."  *Alderfer v. Bd. of Trs.*, 261 F. App'x 147, 150 (10th Cir. 2008) (first citing *In re Petition of Shawnee*, 687 P.2d 603, 613 (Kan. 1984); and then citing *Wiggins v. Hous. Auth.*, 916 P.2d 718, 720 (Kan. Ct. App. 1996)).  One of those powers is the power to contract.  *Id.*  A governmental agency in Kansas "can only enter into such contracts that it has been granted authority to make and all persons contracting with such agency or corporation are deemed to know its limitations."  *Id.* (first citing *Gragg v. Unified Sch. Dist. No. 287*, 627 P.2d 335, 338 (Kan. Ct. App. 1981); and then citing *Wiggins*, 916 P.2d at 720); *see also Genesis Health Club, Inc. v. City of Wichita*, 181 P.3d 549, 551, Syl. ¶ 8 (Kan. 2008) ("One contracting with a municipal corporation is bound at his or her peril to know the authority of the municipal body with which he or she deals.").

If a government agency enters into a contract without the power or authority to do so, the contract is *ultra vires* and unenforceable under Kansas law, and no further inquiry into the contract's validity is necessary.  *Genesis Health Club, Inc.*, 181 P.3d at 551, Syl. ¶ 6; *see also*

*Blevins v. Bd. of Cty. Comm'rs*, 834 P.2d 1344, 1351 (Kan. 1992); *Wiggins*, 916 P.2d at 721.

When deciding whether a governmental agency possesses a particular power, courts should

resolve any reasonable doubts about the existence of such power against its existence. *Wichita*

*Pub. Schs. Emps. Union, Local No. 513 v. Smith*, 397 P.2d 357, 359 (Kan. 1964) (citation and

internal quotation marks omitted).

Here, the parties agree that defendant is a county hospital created under Kansas statute.

*See* K.S.A. § 19-4601 *et seq.*  K.S.A. § 19-4610 confers certain powers and duties on the board

of directors for county hospitals.  Among them, the statute authorizes county hospital boards "to

enter into employment contracts to engage the services of an administrator or chief executive

officer to manage the affairs of the hospital, to establish compensation for such services and to

establish the terms of the engagement." K.S.A. § 19-4610(a).  Thus, the plain language of the

statute authorizes a county hospital board to enter into an employment contract with an

administrator or chief executive officer.  But, the statute provides no authority for the board to

enter into contracts with non-administrator employees.

Relying on this statute, defendant argues that the Agreement at issue here is *ultra vires*

and thus unenforceable because Kansas law provides no authority for a county hospital to enter

into an employment contract with an employee other than its administrator.  Defendant asserts

that the Tenth Circuit already has decided this issue in *Alderfer v. Board of Trustees*, 261 F.

App'x 147 (10th Cir. 2008).  In *Alderfer*, plaintiff Kimberly Alderfer alleged that her former

employer, the Board of Trustees of the Edwards County [, Kansas] Hospital and Healthcare

Center, terminated her employment as hospital administrator in breach of her employment

agreement and thus violated her due process rights.  *Id.* at 148.  The district court granted

defendant's summary judgment motion, concluding that plaintiff's claims were based on an *ultra*

5

*vires* and unenforceable contract because the hospital board lacked authority to enter into a fixed-term employment contract with plaintiff. *Id.* at 149. The Tenth Circuit affirmed that decision. *Id.* at 153.

When the Tenth Circuit decided *Alderfer*, K.S.A. § 19-4610 authorized a hospital "'to appoint an administrator, to fix the compensation thereof, and to remove such administrator.'" *Id.* at 150 (quoting K.S.A. § 19-4610(a)) (emphasis omitted). The Circuit concluded that the power to "appoint" an administrator, as conferred by the statute, did not include the power to contract with an administrator. *Id.* at 150–52. The Circuit explained that the statute's language "does not authorize a hospital board to override the general rule of employment-at-will and enter into a fixed-term employment contract with an administrator." *Id.* at 150 (citations omitted)). Thus, it held that any attempt by the board to enter into a fixed-term employment contract with plaintiff was *ultra vires* and unenforceable. *Id.* at 152. Because no valid contract existed, plaintiff's breach of contract claim failed as a matter of law. *Id.* And, without a valid contract, plaintiff was employed at-will and had no protectable property interest in her employment. *Id.* at 153. The Circuit thus affirmed summary judgment against plaintiff's breach of contract and due process claims. *Id.*

After *Alderfer*, the Kansas legislature amended K.S.A. § 19-4610 to authorize county hospital boards to "to enter into employment contracts to engage the services of an administrator or chief executive officer to manage the affairs of the hospital, to establish compensation for such services and to establish the terms of the engagement." K.S.A. § 19-4610(a). As already explained, this amendment explicitly authorizes a county hospital board to enter into employment contracts with an administrator or chief executive officer, but it never mentions a county hospital board's ability to contract with non-administrator employees.

Defendant argues that *Alderfer's* holding applies here.  Because the current version of the statute does not authorize a county hospital board to enter into an employment contract with any employee other than a hospital administrator, defendant contends, the Agreement between Ms. Coffey (who is a physical therapist, not the hospital's administrator) and defendant is *ultra vires* and unenforceable.  The Court agrees.

In Kansas, "when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be."  *Brown v. Bd. of Educ., Unified Sch. Dist. No. 333*, 928 P.2d 57, 64 (Kan. 1996) (quotations omitted).  Here, the language of K.S.A. § 19-4610(a) is both plain and unambiguous.  It grants Kansas county hospital boards power to enter an employment contract with a hospital administrator.  In contrast, the statute never authorizes such boards to contract with any other employee.  The Kansas Supreme Court instructs that Kansas law does not permit a court "[to] read into a statute that which the legislature has plainly excluded."  *Id.* (citing *Joe Self Chevrolet, Inc. v. Bd. of Sedgwick Cty. Comm'rs*, 802 P.2d 1231, 1237 (1990)).  Because the language of K.S.A. § 19-4610(a) does not include non-administrator employees, the Court construes the statute as one authorizing a county hospital board to contract with a hospital administrator, but not any other employee.

In addition, the rule of *expressio unius est exclusio alterius* requires a court to "presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list."  *In re Marriage of Killman*, 955 P.2d 1228, 1234 (Kan. 1998) (citing *State v. Wood*, 647 P.2d 1327, 1330 (Kan. 1982)).  When the Kansas legislature amended K.S.A. § 19-4610(a) after *Alderfer*, it authorized county hospital boards to enter into employment contracts with hospital administrators only.  If the legislature had intended for this

authority to extend to contracts with non-administrator employees, it easily could have referenced those employees in the amended statutory language. But it did not. Because the Kansas legislature did not reference any other employees in the amended statute, the rule of *expressio unius est exclusio alterius* manifests a legislative intent to exclude the power to contract with non-administrator employees.

For these reasons, the Court concludes that a Kansas county hospital lacks any authority under Kansas law to enter into an employment contract with a non-administrator employee. Thus, defendant had no power to enter into the Agreement with Ms. Coffey. The Agreement therefore is *ultra vires* and unenforceable.

Ms. Coffey tries to avoid this result by arguing that the Agreement is authorized under a different statute—K.S.A. § 65-431. This statute, in pertinent part, states:

> Boards of trustees or directors of facilities licensed pursuant to the provisions of this act shall have the right, in accordance with law, *to select* the professional staff members of such facilities and *to select and employ* interns, nurses and other personnel, and no rules and regulations or standards of the licensing agency shall be valid which, if enforced, would interfere in such selection or employment.

K.S.A. § 65-431(b) (emphasis added). This statute grants a hospital board the power to "select" professional staff and to "select and employ" other personnel. But it provides no authority for a hospital board to enter into an employment contract with such employees.

The powers defined in this statute are similar to those contained in the earlier version of K.S.A. § 19-4610(a) that the Tenth Circuit applied in *Alderfer*. This earlier version of the statute authorized a hospital board to "appoint" and "remove" an administrator, but it did not grant hospital boards the power to "contract." *Alderfer*, 261 F. App'x at 150 (citing K.S.A. § 19-4610(a)). Absent such statutory authority, the Tenth Circuit concluded that the hospital board lacked the power to enter into a fixed-term employment contract. *Id.* at 152.

Like Ms. Coffey, the plaintiff in *Alderfer* argued to the district court that K.S.A. § 65-431 authorized her employment contract. No. 05-1084-MLB, 2006 WL 2548786, at *6 (D. Kan. Aug. 31, 2006), *aff'd* 261 F. App'x 147 (10th Cir. 2008). Judge Belot rejected this argument, noting that K.S.A. § 65-431(b) uses "the words 'select' and 'employ'" which "are not synonymous with 'contract.'" *Id.* Judge Belot concluded that K.S.A. § 65-431(b) was "simply not applicable to the ultimate question of whether the Board, as a municipal corporation, has the necessarily implied power to enter fixed-term employment contracts." *Id.* On appeal, the Tenth Circuit did not address whether K.S.A. § 65-431(b) authorized the employment contract, but, as explained above, it affirmed Judge Belot's holding that the board lacked authority to enter into a fixed-term employment contract and therefore the contract was *ultra vires* and unenforceable. *Alderfer*, 261 F. App'x at 152.

Other Kansas courts likewise have determined that statutes authorizing a governmental agency to "employ" an individual provide no authority for the agency to "contract" with employees. *See McNeal v. State Highway Comm'n*, 56 P.2d 74, 75 (Kan. 1936) (holding that a statute authorizing the director of highways to "employ, remove, define the duties, and fix the salaries" of employees did not confer on the director the power to enter into employment contracts); *Wiggins*, 916 P.2d at 720–21 (concluding that a statute and city resolution authorizing the housing authority to "employ" individuals provided no authority, either express or implied, for the housing authority to enter into employment contracts for a fixed term).

Similarly, here, K.S.A. § 65-431 authorizes a hospital board to "select" and "employ" personnel. But the statute provides no authority for a board to enter into an employment contract with an employee. K.S.A. § 65-431 does not authorize the Agreement at issue here.

Ms. Coffey also cites two cases that, she insists, support her position that she entered into an enforceable contract with defendant. She contends that these two cases acknowledge a county hospital's power to enter into employment contracts with non-administrator staff. The Court disagrees. As discussed below, neither of these cases holds that Kansas law empowers a county hospital to enter into employment contracts with personnel.

The first case involved a private, non-profit hospital, not a county hospital authorized by K.S.A. § 19-4601 *et seq*., and therefore the case is not relevant here. *See St. Francis Reg'l Med. Ctr., Inc. v. Weiss*, 869 P.2d 606, 610 (Kan. 1994) (stating that St. Francis Regional Medical Center is a nonprofit charitable corporation). And, the second case contains no discussion of the issue here—whether a county hospital possesses the authority under Kansas law to enter into an employment contract with non-administrator personnel. *See generally Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533 (10th Cir. 1995). In *Anglemyer*, plaintiff brought a 42 U.S.C. § 1983 claim against a county hospital alleging that it reassigned her from one employment position to another one and thereby violated her due process rights. *Id.* at 534, 538. Plaintiff alleged that she had a property interest in an implied contract of employment with a county hospital, but the Tenth Circuit distinguished plaintiff's claim "from the typical implied contract case because [plaintiff] was not terminated" but merely reassigned to a different position. *Id.* at 538. The Circuit determined that plaintiff had no property interest in continued employment in a particular position under Kansas law, and therefore her due process claim could not survive. *Id.* at 540. The parties did not argue, and the Circuit did not address, whether the county hospital had the power to enter into an implied contract of employment, thereby subjecting it to liability on plaintiff's implied contract theory. Also, the Tenth Circuit decided *Anglemyer* several years before *Alderfer*—the only case that squarely addresses a county hospital's authority under

K.S.A. § 19-4610(a) to enter into employment contracts.  Thus, neither the parties nor the Circuit could reference *Alderfer's* precedent when analyzing plaintiff's claim that she had an implied contract of employment with a county hospital.

The relevant statute and case law establish a rule that decides plaintiff's contract claims: a Kansas county hospital has no power under Kansas law to enter into an employment contract with a non-administrator employee.  Thus, the Agreement at issue here is *ultra vires* and unenforceable.

### B.  Ms. Coffey's breach of contract claim fails because the contract is void under Kansas law.

Ms. Coffey's breach of contract claim asserts that defendant violated the Agreement. But, that contract is *ultra vires* and unenforceable.  When a public employer lacks the specific power to enter into an employment contract, the public employee serves at the will of his or her employer.  *See Wiggins*, 916 P.2d at 722 (explaining that "a public employee serves at the will of his or her employer unless that employer is specifically empowered to contract for employment on other terms").  Because defendant had no authority to enter into the Agreement, Ms. Coffey served as an at-will employee.  This means defendant could terminate the employment relationship at any time, for any reason, unless the reason for the termination is one prohibited by statute or a public policy exception.  *Campbell v. Husky Hogs, L.L.C.*, 255 P.3d 1, 3 (Kan. 2011). Under these facts, Ms. Coffey, as an at-will employee, can assert no breach of contract claim. The Court thus grants defendant's motion for judgment on the pleadings against Ms. Coffey's breach of contract claim (Count II).

**C. Ms. Coffey's KWPA claim fails because the claim is premised on a void contract.**

Ms. Coffey alleges that defendant violated the KWPA, K.S.A. § 44-312 *et seq.*  The KWPA requires that "[w]henever an employer discharges an employee or whenever an employee quits or resigns, the employer shall pay the employee's earned wages . . . ."  K.S.A. § 44-315(a). The Agreement on which the claim relies is *ultra vires* and unenforceable as a matter of law. And thus, her KWPA claim fails to state a claim on which relief can be granted.

Ms. Coffey also alleges in the Complaint that she is entitled to payment of her accrued PTO upon her termination.  Doc. 1 at 4.  The Complaint lacks any assertion, however, that defendant *failed to pay* Ms. Coffey accrued PTO.  To the extent defendant failed to pay Ms. Coffey her accrued PTO, she may have a viable KWPA claim.  *See*, *e.g.*, *A.O. Smith Corp. v. Kan. Dep't of Human Res.*, 144 P.3d 760, 765 (Kan. Ct. App. 2005) (explaining that the Kansas Court of Appeals has "held that where an employer's policies provide for payment of unused accrued vacation time upon termination, that payment constitutes wages under the KWPA" (citation omitted)).  But Ms. Coffey never asserts any facts showing that defendant has failed to pay her accrued PTO.  Absent such allegations, Ms. Coffey fails to state a claim for violating the KWPA.  The Court thus grants defendant's motion for judgment on the pleadings against Ms. Coffey's KPWA claim (Count IV).

**D. Certification to the Kansas Supreme Court is not warranted because controlling precedent answers the question Ms. Coffey seeks to certify.**

As an alternative to dismissal of her claims, Ms. Coffey asks the Court to certify to the Kansas Supreme Court the question at issue here—whether a county hospital may enter into a fixed-term employment contract with a non-administrator employee under Kansas law.  Ms. Coffey's counsel represents that he provides legal services to many county hospitals in Kansas

and they regularly enter employment contracts with healthcare providers.  Ms. Coffey contends

that a decision holding such contracts unenforceable would disrupt county healthcare facilities in

Kansas.

      Under K.S.A. § 60-3201, a federal district may certify questions of law to the Kansas

Supreme Court if

> there are involved in any proceeding before it questions of law of this state which
> may be determinative of the cause then pending in the certifying court and as to
> which it appears to the certifying court *there is no controlling precedent in the*
> *decisions of the supreme court and the court of appeals of this state.*

K.S.A. § 60-3201 (emphasis added).  The decision to certify rests "within the 'sound discretion

of the federal court.'"  *Hartford Ins. Co. v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005)

(quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).  A court should not "routinely

invoke[]" certification "whenever a federal court is presented with an unsettled question of state

law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citation omitted).  Instead, the

federal courts have a duty "'to decide questions of state law whenever necessary to the rendition

of a judgment,'" unless there exists "'some recognized public policy or defined principle guiding

the exercise of the jurisdiction conferred.'"  *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138

F.3d 833, 838 (10th Cir. 1998) (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 234

(1943)).  Although certification is appropriate "where the legal question at issue is novel and the

applicable state law is unsettled, it is never compelled."  *Soc'y of Lloyd's v. Reinhart*, 402 F.3d

982, 1001 (10th Cir. 2005) (citations and internal quotation marks omitted)).

      The Court declines to certify the question presented here because one requirement for

certification under K.S.A. § 60-3201 is "no controlling precedent" in the Kansas courts.  As

described above, ample authority exists in the Kansas statutes and case law to resolve this

question. *See* K.S.A. § 19-4610(a) (authorizing a county hospital board to enter into

employment contracts with an administrator or chief executive officer, but providing no explicit authority for the board to enter into employment contracts with non-administrator employees); *see also Alderfer v. Bd. of Trs.*, 261 F. App'x 147, 152 (10th Cir. 2008) (holding that a county hospital lacked authority under Kansas statute, as written at the time of decision, to enter into an employment contract with a hospital administrator); *McNeal v. State Highway Comm'n*, 56 P.2d 74, 75 (Kan. 1936) (holding that the Kansas statute conferred no power on the director of highways to enter into employment contracts); *Wiggins v. Hous. Auth.*, 916 P.2d 718, 720–22 (Kan. Ct. App. 1996) (concluding that the housing authority had no power under Kansas law to enter into employment contracts for a fixed term).

Because the Kansas statutes and case law answer the question presented here, certification under K.S.A. § 60-3201 is not warranted.  The Court thus denies Ms. Coffey's request to certify this question to the Kansas Supreme Court.

In reaching this conclusion, the Court recognizes that Ms. Coffey may find this result an unfair one because defendant entered the Agreement with her and it now invokes a legal defense to its own contract.  But Kansas law is clear:  persons who contract with a governmental body must inquire into the power of that body and "must at their peril know [its] authority."  *Wiggins*, 916 P.2d at 720.  Here, defendant had no power to enter into the Agreement with Ms. Coffey, and thus it is an unenforceable one under Kansas law.

## IV.    Conclusion

For the reasons explained above, the Court concludes that Counts II and IV of the Complaint fail to state a claim for relief as a matter of law.  Therefore, the Court grants defendant's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for

Judgment on the Pleadings (Doc. 6) is granted.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2015, at Topeka, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**